**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 07-CR-20635-PAS

UNITED STATES OF AMERICA

v.

MEKINSON JEAN,

    Defendant.
_____/

## ORDER DENYING MOTION FOR CLARIFICATION OF CREDIT FOR TIME SERVED

THIS MATTER is before the Court on Defendant Mekinson Jean's ("Defendant") *pro se* Motion for Clarification of Credit for Time Served between August 11, 2011 and October 25, 2011 [DE 67]. The Court has considered the Motion for Clarification [DE 67], the Government's Response in Opposition [DE 69], its supplemental brief [DE 77], and the record. Because it appears Defendant's time in federal custody was credited to his state prison term, and his federal term was ordered to run consecutive to his state term, he is not entitled under 18 U.S.C. § 3585(b) to an additional two-months-plus credit for time served on his federal case. Therefore, Defendant's Motion must be DENIED.

**I.    BACKGROUND**

Defendant was originally federally sentenced in January 2008 to seven months' imprisonment and three years of supervised release for theft of United States treasury checks in violation of 18 U.S.C. § 641. DE 29 at 1–3; DE 30. He satisfied his term of imprisonment on June 16, 2009 and began his term of

supervision, which would have ended on June 16, 2012 had he not violated any supervision terms. DE 69 at 1; DE 69-1 at 5.

However, on October 24, 2009, Defendant was arrested by the State of Florida for burglary, robbery with a firearm, and kidnapping, and he was thereafter sentenced on December 8, 2010 to fifteen years' imprisonment in state custody. DE 69 at 2; DE 69-2 at 2. During his state imprisonment term, Defendant was brought over to federal court on August 11, 2011 via a writ of habeas corpus ad prosequendum for his initial appearance on the revocation of his supervised release. DE 35; DE 39. On October 4, 2011, Defendant admitted to violating his federal supervised release and was sentenced to fifteen months' imprisonment in federal custody followed by twenty-one months' supervised release. DE 52; DE 53. Defendant's federal term was ordered to run consecutive to his state imprisonment term. DE 53 at 2; DE 69 at 2.

During Defendant's federal revocation hearing, the parties discussed with the Court whether Defendant would receive state credit for the time he spent in federal custody. DE 60 at 34–35. The Government then argued that Defendant should receive credit because of its mistaken belief that the State of Florida was not giving him credit against his state sentence. *Id.* at 35. After his sentencing in federal court, Defendant was returned to Florida State Department of Corrections to complete his fifteen years' imprisonment.

Defendant was released from state prison on August 26, 2023. DE 69-2 at 2. The Bureau of Prisons ("BOP") received Defendant in its custody on November 20,

2023. DE 69-1 at 2. Defendant's projected release date with good time credit is September 18, 2024. *Id.* at 1.

On February 21, 2024, the Government filed a supplemental response with two exhibits. Exhibit C, Defendant's overall inmate record as of February 8, 2024 totaling six pages, shows that Defendant was in federal custody between August 10, 2011 and October 25, 2011 before beginning his state sentence. DE 77-1. Exhibit D, an affidavit from the Florida Department of Corrections, states Defendant was awarded credit for time served towards his state sentence for the time he spent in federal custody between August 10, 2011 and October 25, 2011, regardless of his physical location. DE 77-2.

## II.  DISCUSSION

"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... *that has not been credited against another sentence.*" 18 U.S.C. § 3585(b) (emphasis added). Here, Defendant seeks credit for the time he spent in federal custody between August 11, 2011 and October 25, 2011. DE 67 at 2. Although Defendant was in federal custody between August 2011 and October 2011, he was serving his state sentence. As confirmed by Exhibits C and D, Defendant received credit from the State of Florida against his state sentence. He is therefore not entitled to credit for the time he spent in BOP custody towards his federal sentence. Accordingly, it is

**ORDERED** that Defendant's Motion for Clarification of Credit for Time Served [DE 67] is **DENIED**.

DONE and ORDERED in Miami, Florida, this 29th day of February, 2024.

_____
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc:   All counsel of record
      U.S. Probation Office